IN THE UNITED STATES DISTRICT COURT

FOR THE MIDDLE DISTRICT OF NORTH CAROLINA



| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | 1:18CR385-1 |
| | : | |
| v. | : | |
| | : | |
| GATE CITY TRANSPORTATION, INC. | : | PLEA AGREEMENT |

NOW COME the United States of America, by and through Matthew G.T. Martin, United States Attorney for the Middle District of North Carolina, and the defendant, GATE CITY TRANSPORTATION, INC., in its own person and through its attorneys, Charles Everett James, Jr., and Camden Webb, and state as follows:

1. The defendant, GATE CITY TRANSPORTATION, INC., is presently charged in a Bill of Information in case number 1:18CR385-1, which charges it with a violation of Title 18, United States Code, Section 1347(a)(1), health care fraud.

2. The defendant, GATE CITY TRANSPORTATION, INC., will enter a voluntary plea of guilty to the Information herein. The nature of this charge and the elements of this charge, which must be proved by the United States beyond a reasonable doubt before the defendant can be found guilty thereof, have been explained to it by its attorneys.

a. The defendant, GATE CITY TRANSPORTATION, INC., understands that, pursuant to Title 18, United States Code, Section 3551(c), the maximum punishment provided by law for the Information herein is not less than one year, nor more than five years probation, pursuant to Title 18, United States Code, Section 3561(c)(1), and a fine of not more than $500,000, pursuant to Title 18, United States Code, Section 3571(c)(3). If any person derived pecuniary gain from the offense, or if the offense resulted in pecuniary loss to a person other than the defendant, GATE CITY TRANSPORTATION, INC., the defendant may, in the alternative, be fined not more than the greater of twice the gross gain or twice the gross loss unless the Court determines that imposition of a fine in this manner would unduly complicate or prolong the sentencing process. The fine provisions are subject to the provisions of Title 18, United States Code, Section 3571, entitled "Sentence of Fine."

b. The defendant, GATE CITY TRANSPORTATION, INC., understands that the Court shall order, in addition to any other penalty authorized by law, that the defendant, as to the Information herein, make restitution to any person directly harmed by the defendant's conduct, pursuant to Title 18, United States Code, Section 3663A.

c. The defendant, GATE CITY TRANSPORTATION, INC., further understands that the sentence to be imposed upon it is within the

2

discretion of the sentencing Court subject to the statutory maximum penalties set forth above. The sentencing Court is not bound by the sentencing range prescribed by the United States Sentencing Guidelines. Nevertheless, the sentencing Court is required to consult the Guidelines and take them into account when sentencing. In so doing, the sentencing Court will first calculate, after making the appropriate findings of fact, the sentencing range prescribed by the Guidelines, and then will consider that range as well as other relevant factors set forth in the Guidelines and those factors set forth in Title 18, United States Code, Section 3553(a) before imposing the sentence.

3. By voluntarily pleading guilty to the Information herein, the defendant, GATE CITY TRANSPORTATION, INC., knowingly waives and gives up its constitutional rights to plead not guilty, to compel the United States to prove its guilt beyond a reasonable doubt, not to be compelled to incriminate itself, to confront and cross-examine the witnesses against it, to have a jury or judge determine its guilt on the evidence presented, and other constitutional rights which attend a defendant on trial in a criminal case.

4. The defendant, GATE CITY TRANSPORTATION, INC., is going to plead guilty to the Information herein because GATE CITY TRANSPORTATION, INC., is, in fact, guilty and not because of any threats or promises.

3

5. The extent of the plea bargaining in this case is as follows:

   a. It is understood that if the Court determines at the time of sentencing that the defendant, GATE CITY TRANSPORTATION, INC., qualifies for a 2-point decrease in the offense level under Section 3E1.1(a) of the Sentencing Guidelines and that the offense level prior to the operation of Section 3E1.1(a) is 16 or greater, then the United States will recommend a decrease in the offense level by 1 additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. This portion of the Plea Agreement is made pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

   b. Upon the acceptance by the Court of a guilty plea by the defendant, GATE CITY TRANSPORTATION, INC., to the Information herein, and at the conclusion of the sentencing hearing thereon, the United States of America will not further criminally prosecute Roderick Jessup or Charlynn Dawon Jessup in the Middle District of North Carolina for the specific conduct described in the Indictment or the Factual Basis filed herewith.

   c. It is agreed that the defendant, GATE CITY TRANSPORTATION, INC., will waive in open court prosecution by Indictment and consent to be charged in an Information.

   d. The defendant, GATE CITY TRANSPORTATION, INC., and related parties (Roderick D. Jessup, Charlynn D. Jessup, and R.D. Jessup

4

Properties, LLC), have agreed to forfeit certain property in two civil forfeiture actions, United States v. $39,956.45 in U.S. Currency, et al., 1:15CV506, and United States v. 6407 Monnett Road, et al., 1:15CV152. The United States stipulates and agrees that it will request administrative authorization from the Money Laundering and Asset Recovery Section of the Department of Justice to apply the net proceeds of property forfeited pursuant to the Settlement Agreements in those actions to any restitution the defendant is ordered to pay in this case. The United States acknowledges the defendant does not have the ability to pay restitution in an amount greater than the net proceeds of the forfeited property because it is no longer operating and substantially all of its assets are subject to civil forfeiture. The United States therefore agrees that the amount of restitution should be limited to the net proceeds to be realized from the sale of forfeited property in the above-referenced civil actions.

  e. The parties agree that the provable loss amount for the Information herein does not exceed the amount of net proceeds of forfeited property. See paragraph 5(d). This agreement is not binding upon the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

  f. The parties agree the appropriate restitution amount for the conduct charged in the Information herein does not exceed the amount of the

5

net proceeds of forfeited property. See paragraph 5(d). This agreement is not binding upon the Court pursuant to Rule 11(c)(1)(B) of the Federal Rules of Criminal Procedure.

6. With regard to forfeiture, the United States and the defendant, GATE CITY TRANSPORTATION, INC., agree as follows:

    a. The defendant, GATE CITY TRANSPORTATION, INC., knowingly and voluntarily consents and agrees to forfeit to the United States any and all interest in property, real or personal, which constitutes or is derived from proceeds traceable to the offense to which it is pleading guilty, or a conspiracy to commit such offense, as set forth in a Settlement Agreement between the United States, the defendant, and others, in <u>United States v. $39,956.45 in U.S. Currency, et al.</u>, 1:15CV506. The defendant acknowledges that its interest in property subject to forfeiture as described in the Settlement Agreement is based on the criminal violation to which the defendant is pleading guilty. The defendant further acknowledges that in <u>United States v. 6407 Monnett Road, et al.</u>, 1:15CV152, its principal, Roderick Jessup, on behalf of R.D. Jessup Properties, LLC, consented to the forfeiture of additional property derived from the criminal violation to which the defendant is pleading guilty.

6

b.  The defendant agrees to take all steps as requested by the government to pass clear title of any assets subject to forfeiture to the United States, including but not limited to surrender of title and execution of documents necessary to transfer its interest in any such property.

c.  The defendant knowingly and voluntarily waives its right to a jury trial on the forfeiture of assets. The defendant further knowingly and voluntarily waives all constitutional, legal and equitable claims, defenses and challenges to the forfeiture of assets in any proceeding, administrative, criminal or civil, any jeopardy defense or claim of double jeopardy, and any claim or defense under the Eighth Amendment to the United States Constitution.

d.  Defendant knowingly and voluntarily agrees and understands that its consent to civil judicial forfeiture of property shall not, in and of itself, be treated as satisfaction of any assessment, fine, restitution, or any other penalty this Court may impose upon the defendant in addition to the forfeiture.

7. The defendant, GATE CITY TRANSPORTATION, INC., agrees that any debt resulting from the criminal monetary penalties due under the criminal judgment which is not satisfied through the restoration of proceeds

7

will be submitted to the Treasury Offset Program even if it is current in payments under any Court imposed payment schedule.

8. The defendant, GATE CITY TRANSPORTATION, INC., further understands and agrees that pursuant to Title 18, United States Code, Section 3013, for any offense committed on or after October 11, 1996, the defendant shall pay an assessment to the Court of $400 for each offense to which it is pleading guilty. This payment shall be made at the time of sentencing by cash or money order made payable to the Clerk of the United States District Court. If the defendant is indigent and cannot make the special assessment payment at the time of sentencing, then the defendant agrees to participate in the Inmate Financial Responsibility Program for purposes of paying such special assessment.

9. It is further understood that the United States and the defendant, GATE CITY TRANSPORTATION, INC., reserve the right to bring to the Court's attention any facts deemed relevant for purposes of sentencing,

10. No agreements, representations, or understandings have been made between the parties in this case other than those which are explicitly set

forth in this Plea Agreement and the Settlement Agreement, and none will be entered into unless executed in writing and signed by all the parties.

This the 26th day of September, 2018.

MATTHEW G.T. MARTIN
United States Attorney

*R M Hamilton*
ROBERT M. HAMILTON
Assistant United States Attorney
LASB # 1400

101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401

336-333-5351

CHARLES EVERETT JAMES
Attorney for Defendant

CAMDEN WEBB
Attorney for Defendant

GATE CITY TRANSPORTATION, INC.
Defendant